```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|                                    |                         |
|------------------------------------|-------------------------|
| KIMBERLY MURRAY MOORE,  )          |                         |
| Plaintiff,              )          |                         |
|                         )          |                         |
|                         )          | Civil Action No.        |
|      v.                 )          | 18-12240-NMG            |
|                         )          |                         |
| STATE OF MASSACHUSETTS, )          |                         |
| Defendant.              )          |                         |
|                         )          |                         |

                        MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

I.  **Background**

Kimberly Murray Moore ("Moore"), appearing pro se, filed a complaint against the Commonwealth seeking "half of what was filed in [Moore's] mothers name Peggy Moore." See Docket No. 1. With her complaint, she filed an Application to Proceed Without Prepayment of Fees and Affidavit. See Docket No. 2.

The complaint is written on a pre-printed form and identifies the defendant as the "State of Massachusetts." Compl., ¶ I(B). The basis of jurisdiction is federal question under 28 U.S.C. 1331. Id. at ¶ II. Plaintiff indicates the specific laws at issue as (1) fraud/stolen estate; (2) mortgage fraud; (3) identity fraud; (4) money laundering; (5) unpaid

loans; (6) unpaid mortgage and (7) "(Ext.)". Id. at ¶ II(A)(if the basis of jurisdiction is a federal question). Plaintiff seeks "half of what was filed in [her] mothers name Peggy Moore." Id. at ¶ III (statement of claim). Plaintiff seeks $2,500,000,000. See Civil Cover Sheet, § VII (requested in complaint).

## II. Screening of the Complaint

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal law, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally

construes the plaintiff's complaint because she is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III. **Lack of Subject Matter Jurisdiction**

Here, the court cannot discern a basis for subject matter jurisdiction. Diversity subject matter jurisdiction does not exist because the parties are not of "diverse citizenship."

Federal question subject matter jurisdiction is also absent. Although Moore checked a box on the complaint form indicating that the complaint raises a federal question pursuant to 28 U.S.C. § 1331, the complaint does not identify a federal right the defendant is alleged to have violated.

Accordingly, the court is without subject matter jurisdiction.

## ORDER

In accordance with the foregoing, this action is hereby DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. In view of the dismissal of this action for lack of subject matter jurisdiction, no action is taken on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: April 2, 2019